Welch, J.
We are unanimous in the opinion that this judgment should be affirmed, although we differ somewhat as to the ground on which the affirmance ought to be placed.
A majority of the court are of opinion that the husband, Hazard L. Baldwin, and not his wife, under the circumstances, became and was a member of the firm of M. J. Baldwin & Co., at least so far as to make him liable for its debts ; that the sale of the partnership effects by the firm, nominally to the wife, was in’ law a sale to the husband; that the sale to Swasey & Co., nominally by the wife and husband, was in law and in fact a sale by the husband; that Swasey & Co., by their agreement to pay the debts of the firm of M. J. Baldwin & Co., became liable and indebted to Hazard L. Baldwin, one of the defendants in attachment, and therefore liable to the process of garnishment.
This property was in no proper sense the separate estate of the wife, nor was it purchased with her separate property. It does not fall within any of the denominations of property declared by the act of 1861 (S. & S. 389) to be the separate property of the wife. The “permit” under which the business was carried on was not property, in the statutory sense. Besides, she had no capacity to enter into such a contract of partnership, to bind herself to pay for the goods purchased by the firm, or to pay the price stipulated for the goods sold by the firm to her. Her acts in alt these matters, being done with the knowledge and concurrence of her husband, must be held in law to be his acts, so far at least as regards his rights and liabilities as between himself and third persons. The promise of Swasey & Co. to pay the debts of the firm was, in law and under the circumstances, a promise made to the husband, and enforceable by him, if not also by his copartners and co-defendants in the action.
But suppose the law were otherwise, and that by her purchase of the goods from her partners, she, and'not her husband, became vested with the absolute ownership of the *96 property. I am inclined to hold, as the court below seems to have held, that in that case her promise to pay the debt of the firm, being the promise of & feme, covert, and therefore a mere nullity, she held the property in the character of trustee or agent, and subject to the fulfillment of her promise; and if so, Swasey & Co., taking the goods of her with knowledge of these facts, and upon a similar promise-held them subject to the same equity or right of reclamation in favor of the other partners of the firm. If we call this a “trust,” it would not be a trust in favor of the creditors of M. J. Baldwin & Co., as counsel seem to suppose in their argument, but a trust in favor of M. J. Baldwin &' Co., or the retiring members of the firm.
A majority of the members of the court, however, disincline to put the decision of the case upon this ground, and hold, as I have indicated, that the husband, and not thewdfe, is to be regarded as the real party in these transactions,, and the wife as acting in the capacity of his agent.
But it is objected that the judgment in the attachment case was not final,, and that, therefore, the suit was not “ determined,” within the meaning of section 219 of the-code. (S. & C. 1009.) The judgment, it is said, is void, because of the death’ of Hazard L. Baldwin before its rendition, there being no suggestion of his death. The judgment was voidable, but not void. It was voidable at the instance of Hazard L. Baldwin’s representatives. Until avoided by proceedings in error by his representatives, it is final both as to him and as to the other defendants. It is. not even voidable by the other defendants, because, although erroneous, it is not erroneous to their prejudice.

Judgment affirmed.

Bat, C. J., McIlvaine, Stone, and ’White, JJ., concurring.